# STINN JURY CHARGE

## INDEX

FUNCTION OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

COURT HAS NO VIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PARTIES ARE EQUAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IMPROPER CONSIDERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

INDICTMENT IS ONLY AN ACCUSATION . . . . . . . . . . . . . . . . . . . . . . . . . . 8

BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRESUMPTION OF INNOCENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED . . . . . . . . . . . . . 9

REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

WHAT IS EVIDENCE? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

NUMBER AND CONFIDENTIALITY DESIGNATIONS ON DOCUMENTS IN EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

WHAT IS NOT EVIDENCE? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . 13

DEMONSTRATIVE AIDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

WEIGH ALL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

INFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

THE INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SEPARATE COUNTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

COUNT TWO (Securities Fraud) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Securities Fraud – Elements of the Offense . . . . . . . . . . . . . . . . . . 18

        First Element: Scheme to Defraud . . . . . . . . . . . . . . . . . . . . . 18

            Generally Accepted Accounting Principles
            ("GAAP") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        Second Element: Knowingly, Willfully, And With Intent
        to Defraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

            Good Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

        Third Element: "In Connection With" a Security . . . . . . . . . 29

    Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

        Section 2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

        Section 2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

    Dates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .33

    Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34

COUNT THREE (Mail Fraud) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    Mail Fraud – Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . 37

        First Element: Scheme to Defraud . . . . . . . . . . . . . . . . . . . . . 37

        Second Element: Knowingly, Willfully, And With Intent to
        Defraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

        Third Element: Use of the Mails . . . . . . . . . . . . . . . . . . . . . . 38

Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40

Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .41

COUNT ONE (Conspiracy to Commit Securities Fraud, Mail Fraud, and
Wire Fraud) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Conspiracy General Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

First Element: Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Second Element: Unlawful Acts . . . . . . . . . . . . . . . . . . . . . . . 46

Third Element: Membership in Conspiracy . . . . . . . . . . . . . . 48

Dates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .50

Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .50

DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

WITNESS TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

PRIOR INCONSISTENT STATEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

WITNESSES' GUILTY PLEAS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

TESTIMONY OF COOPERATING WITNESSES . . . . . . . . . . . . . . . . . . . . . . 55

JUROR'S RECOLLECTION GOVERNS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

NOTES TAKEN BY JURORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

NO INVESTIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

JURY CHARGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

FOREPERSON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

VERDICT SHEET . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

COMMUNICATION WITH COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

NO DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

NOT TO REVEAL STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

OATH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

<u>Members of the Jury</u>:

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case.

My instructions will be in three parts:

<u>First</u>: I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

<u>Second</u>: I will instruct you as to the legal elements of the crimes charged in the indictment -- that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

<u>Third</u>: I will give you some important principles that you will use during your deliberations.

Shortly after you retire for your deliberations, I will provide you with several copies of these instructions.

## FUNCTION OF JURY

Let me remind you that it is your duty to follow the law as I state it. You have the important responsibility to judge the facts. And <u>you</u> <u>alone</u> are the judges of the facts -- not counsel -- not I.

Counsel have made reference to legal terms such as "reasonable doubt." I instruct you that it is my instructions and my definitions of legal terms and mine only that you must follow, and not counsel's.

## COURT HAS NO VIEW

I express no view as to whether the defendant is guilty or not guilty. You should not draw any conclusion as to whether he is guilty or not guilty from anything I may have said or done. You will decide the case solely on the evidence and the law.

## PARTIES ARE EQUAL

The prosecution is brought in the name of the United States, but that does not entitle the government to any greater consideration than the defendant. The parties -- the government and the defendant -- are equal before this Court. They are entitled to equal consideration.

# IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, ethnic background, sex or age.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. You are directed to disregard anything you may have read, seen, or heard in the news, on TV, in the newspapers regarding this case. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

You have heard evidence about the involvement of certain other people in the transactions referred to in the indictment. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

You may not conclude that the defendant is guilty just because a prosecution witness pled guilty to similar charges. That witness's decision to plead guilty was a personal decision about his own guilt.

Reference has been made to interviews that the attorneys conducted with witnesses prior to a witness taking the stand. I instruct you that attorneys not only have a right to interview, or attempt to interview, witnesses prior to putting them on the stand, but it is professionally proper to do so.

The question of possible punishment of the defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing a sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine, solely upon the basis of the evidence, whether or not the defendant is guilty beyond a reasonable doubt of each crime charged against him.

## INDICTMENT IS ONLY AN ACCUSATION

An indictment is merely an accusation in writing. It is not evidence of guilt. It is entitled to **no** weight in your determination of the facts. The defendant has pleaded not guilty, thereby placing in issue each allegation in the indictment.

I'll now address certain fundamental principles that I spoke to you about earlier.

## BURDEN OF PROOF

First, the government has the burden of proving guilt beyond a reasonable doubt as to each element of the crimes the defendant is charged with committing.

Throughout the trial, this burden never shifts. The defendant does not have to prove his innocence; indeed he need not submit any evidence at all.

## PRESUMPTION OF INNOCENCE

Second, the law presumes the defendant innocent of the charges against him. I instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of the evidence.

You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against him because he did not take the witness stand. A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require the

government to call as witnesses all persons who may appear to have some knowledge of the matters in issue at this trial. The law further does not require that any particular investigative techniques be used by law enforcement authorities to uncover or prosecute crime.

Your concern is to determine whether or not, based upon all the evidence in the case, the government has proven that the defendant is guilty beyond a reasonable doubt. If it has, then you must find the defendant guilty. If not, you must find him not guilty.

REASONABLE DOUBT

Third, I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question, naturally, is what is a reasonable doubt? It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. The question you must decide with respect to each count is whether the government has proven beyond a reasonable doubt all elements of the crime charged.

WHAT IS EVIDENCE?

The evidence upon which you are to decide what the facts are comes in several forms:

A. Sworn testimony of witnesses, both on direct and cross-examination;

B. Exhibits that have been received by the Court in evidence; and

C. Stipulations as to Facts or Testimony

Stipulation of Facts

When the attorneys on both sides stipulate, that is, agree, to the existence of a fact, you the jury must accept the stipulation and consider the fact as proven.

Stipulation of Testimony

There have also been stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

## NUMBER AND CONFIDENTIALITY DESIGNATIONS ON DOCUMENTS IN EVIDENCE

At the bottom of each page of the documents received into evidence in this case there is an identification number. That number was placed on the documents in this litigation, not at any time before. The number sometimes identifies the company or individual who produced the document or the individual in whose files the document was found. Other than to identify the individual or entity who produced or maintained the document, you should disregard the identification number as you consider the evidence.

In addition, some of the documents received in evidence in this case contain labels such as "confidential," "highly confidential," and "confidential treatment requested." These labels were placed on the documents in this litigation, and do not reflect the confidentiality or other nature of the documents when they were created or as they were maintained in the ordinary course of business.


## WHAT IS NOT EVIDENCE?

The following things are <u>not</u> evidence:

A. Arguments or statements by lawyers are not evidence.

B. A question put to a witness, standing alone, is not evidence.  Only the answer, understood in light of the question, is evidence.  Innuendo or suggestion contained  in the question is not evidence.

C. Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received.  You should not be influenced by the objection or by my ruling on it.  If the objection was sustained, ignore the question and any answer that followed.  If the objection was overruled, treat the answer like any other answer.

D. Obviously anything you may have seen or heard outside the courtroom is not evidence.

E. Nothing I have said is evidence.


## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence.  One is direct evidence -- such as the testimony of an eyewitness or participant, or physical evidence.  The other is indirect or circumstantial evidence -- evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in the common experience.  You infer on the basis of reason, experience, and common

sense from an established fact or facts the existence or the nonexistence of some other fact.

In an effort to convey what is meant by circumstantial evidence, I usually give jurors an example.

Assume that when you came to court today, it was a bright, clear sunny day. And also assume that we have closed the window shades.

But after awhile someone walks in from the hallway with an umbrella that is dripping wet, followed by people wearing wet raincoats.

Now, you cannot see or hear the falling of rain by direct observation.

But certainly, upon the combination of facts that you DO observe, even though when you entered the building it was sunny, it would be reasonable and logical for you to conclude that the weather had changed to rainy. You will have inferred, on the basis of reason and experience, from established facts, that it was raining. That's all circumstantial evidence amounts to.

There is no distinction between the weight to be given to direct evidence and the weight to be given to circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence.

DEMONSTRATIVE AIDS

I have allowed the lawyers to use certain documents or objects which we call demonstrative aids. These items are not themselves in evidence but the lawyers were permitted to use them as aids.

WEIGH ALL EVIDENCE

You should weigh ALL the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt then you must find him not guilty. On the other hand, if you are convinced beyond a reasonable doubt that the defendant is guilty of the crime you are considering, then you should find him guilty.

INFERENCES

The attorneys in summing up have asked you to draw certain inferences from the evidence in this case. Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters that are not in evidence.

## THE INDICTMENT

I will now turn to the second part of my instructions and instruct you as to the specific elements of the crimes charged that the government must prove beyond a reasonable doubt for you to find the defendant guilty in this case.

## SEPARATE COUNTS

At the beginning of the trial, I told you that the indictment in this case accuses the defendant of three crimes. Each count -- or charge -- must be considered separately by you. You may find the defendant guilty of one count without necessarily finding him guilty of another. Whether you find the defendant guilty or not guilty of a count, however, your verdict on that count must be unanimous. To make these instructions easier to understand, I will first instruct you on Counts Two and Three, which charge the defendant with the substantive crimes of Securities Fraud and Mail Fraud. Then, I will instruct you on Count One, which charges the defendant with the crime of Conspiracy to Commit Security Fraud, Mail Fraud, and Wire Fraud.

<u>COUNT TWO</u>
**Securities Fraud**

First, I will instruct you on the law relating to Count Two.  Count Two of the

indictment reads as follows:

> In or about and between January 2001 and December 2003, both dates
> being approximate and inclusive, within the Eastern District of New
> York and elsewhere, the defendant BRADLEY STINN, together with
> others, did knowingly and intentionally execute a scheme and artifice (a)
> to defraud persons in connection with securities of an issuer with a class
> of securities that was registered under Section 12 of the Securities
> Exchange Act of 1934, to wit: the Class A common stock of Friedman's
> Inc., and (b) to obtain, by means of materially false and fraudulent
> pretenses, representations and promises, money and property in
> connection with the purchase and sale of securities of an issuer with a
> class of securities that was registered under Section 12 of the Securities
> Exchange Act of 1934, to wit: the Class A common stock of Friedman's
> Inc.

Count Two charges the defendant with violations of Section 1348 of Title 18,

United States Code, which prohibits securities fraud.  The statute provides, in

pertinent part, that:

> Whoever knowingly executes or attempts to execute, a scheme or artifice
> . . . to defraud any person in connection with any security of an issuer
> with a class of securities registered under section 12 of the Securities
> Exchange Act of 1934 . . . shall be [guilty of a crime].

**Securities Fraud – Elements of the Offense**

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

First, that there existed a scheme or artifice to defraud any person for the purpose of obtaining money or property by false and fraudulent pretenses, representations or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that the scheme to defraud was executed "in connection with" the securities of a company that had filed a registration statement with the United States Securities and Exchange Commission.

I will now explain each of the three elements of securities fraud in more detail.


**First Element of Securities Fraud:  Scheme to Defraud**

The first element the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud any person.

A "scheme or artifice" in this context means a plan or a course of action that intends some harm to the property rights of another.  A scheme to defraud need not

be shown by direct evidence, but may be established by all the circumstances and facts in the case.

"Fraud" is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations. Thus, a scheme to defraud is any plan, device or course of action to obtain money or property by false or fraudulent representations, untrue statements of material facts, omissions of material facts, representations, promises and patterns of conduct calculated to deceive.

A fact is "material" if it would have been significant to a reasonable investor's investment decision, that is, the reasonable investor's decision to either buy or sell or hold onto the stock of Friedman's. Although particular information may be of interest to a professional securities trader because of his or her professional interest in the stock market, it does not necessarily follow that this information is material when judged through the eyes of a reasonable investor who is deciding whether to buy, sell, or hold the stock. The issue is whether a reasonable investor of ordinary intelligence would have found information important and not whether or not a particularly gullible or particularly sophisticated investor would have been deceived.

A representation is simply a statement. It is false if it is untrue when made and was known when made to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to

deceive. The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey falsity and deception.

Accordingly, deceitful statements of half truths or the concealment of material facts may constitute false or fraudulent representations under the statute. A lie is a statement that is itself untrue whereas a half-truth is a statement that is true as far as it goes but that purposely omits material facts necessary in order to make what is said not misleading.

Furthermore, if a person is under a legal, professional or contractual duty to make a disclosure, and actually knew such disclosure ought to be made, and if he failed to make such disclosure with the intent to defraud, then that failure to disclose may also constitute a fraudulent representation.

With regard to whether projections and predictions are false or fraudulent, the issue is whether or not the defendant made the projection or prediction based on information that the defendant knew was false or fraudulent at the time that the projection or prediction was made. Similarly, the expression of an opinion not honestly entertained may constitute a false or fraudulent statement under the statute. I will instruct you later as to issues regarding the defendant's state of mind when I instruct you about the second element of this crime.

The government need not prove that the defendant personally made a misrepresentation or that he personally omitted a material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted.

It does not matter whether the alleged unlawful scheme was successful or not. Nor does it matter whether the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged.

The government must prove beyond a reasonable doubt that the scheme to defraud contemplated or intended some harm to property rights of another. This requirement is satisfied if you find either that the government proves beyond a reasonable doubt that the defendant planned to obtain or actually obtained money from Friedman's by materially fraudulent representations or that the defendant intended that other individuals would make investment decisions as to Friedman's shares based on materially fraudulent representations. However, you must be unanimous as to at least one of these alternatives. That is, it would not be sufficient if only six of you found that the government had proved that the defendant planned to obtain or actually obtained money from Friedman's by materially fraudulent representations and only six of you found that the government had proved that the defendant intended that other individuals would make investment decisions as to Friedman's shares based on materially fraudulent representations.

The government is not required to prove that the defendant actually realized any gain from the scheme or that the intended victims actually suffered any loss. Nor is the government required to prove that the defendant himself originated the scheme to defraud.

Finally, it is not necessary that the government prove each and every misrepresentation or false or fraudulent statement that it alleges. It is sufficient if the government proves, beyond a reasonable doubt, that one or more material misrepresentations or false or fraudulent statements was made in furtherance of the scheme to defraud. You must, however, all agree on at least one material misrepresentation as having been proved to be false or fraudulent. That is, you cannot find the defendant guilty if some of you think that only representation "A" is false, while others think that only representation "B" is false.

Generally Accepted Accounting Principles ("GAAP")

As you have heard, publicly traded companies such as Friedman's must file certain financial statements with the Securities Exchange Commission, a federal regulatory agency commonly referred to as the SEC. These statements are made available to the investing public. Some of the alleged misrepresentations were contained in the financial statements filed by Friedman's with the SEC.

In connection with these statements, you have heard much reference to "GAAP," which stands for Generally Accepted Accounting Principles. These are accounting standards set by the American Institute of Certified Public Accountants, a private professional organization. The SEC recognizes the GAAP standards as authoritative. GAAP does not prescribe a fixed set of rules, but rather represent the range of reasonable alternatives that management can use. There can be differences of opinion among accountants as to what particular GAAP principles or standards require in particular circumstances.

Also, GAAP itself recognizes that technical compliance with particular GAAP principles may lead to misleading financial statements, and therefore GAAP imposes an overall requirement that the financial statements accurately reflect the financial status of the company.

It is important for you the jury to understand from what I have just told you that a violation of a particular GAAP standard does not necessarily violate the criminal law. You must look to all of the elements I am describing for you, including the defendant's state of mind, in determining whether the defendant has been proven guilty beyond a reasonable doubt. Conversely, that an accounting procedure used in a particular instance technically complies with GAAP does not shield a defendant who knowingly, intentionally, and willfully misstates in a material way the financial condition of a public company. That is, whether or not a particular accounting

procedure complied with or violated GAAP, if you find that there was a scheme to use the procedure to produce a materially misleading financial statement to investors, it was unlawful.

Put simply, GAAP neither establishes nor shields guilt in a securities fraud case.

## Second Element of Securities Fraud:   Knowingly, Willfully, and With Intent to Defraud

The second element that the government must establish beyond a reasonable doubt as to Count Two is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

To act "knowingly" and "intentionally" means to act voluntarily and deliberately, rather than mistakenly or inadvertently or for some other innocent reason.

To act "willfully" means to act with knowledge that one's conduct is unlawful and with intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive and cause some harm to the property rights of another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This requires you to make a determination about someone's state of mind, something that

can rarely be proved directly. A wise and careful consideration of all the circumstances before you may, however, permit you to make a determination as to a person's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in given circumstances. You are asked to do the same here.

Direct proof of knowledge and fraudulent intent is often not available. It would be an unusual case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

Therefore, the ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Good Faith

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations, including statements or omissions of material facts or predictions or opinions, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief that his representations were true and that his omissions, if any, were not material is a good defense, however inaccurate the representations may have turned out to be. An honest mistake in judgment or an honest error in management does not rise to the level of intent to defraud. In that regard, if you find that the defendant made an honest effort to comply with GAAP, you may consider that on the issue of whether he acted in good faith.

With respect to setting the allowance for doubtful accounts, the defense argues that the defendant did not act willfully and that he is not criminally responsible because he acted pursuant to the advice of Friedman's outside auditor.

The mere fact that the defendant may have received advice does not of course, in itself, necessarily constitute a complete defense. However, if you find that the defendant (1) sought the advice of an outside auditor whom he considered competent, (2) made a full and accurate report to the outside auditor of all the material facts available to him, and (3) acted strictly in accordance with the advice of his outside auditor without having any reasonable basis to believe that the advice was incorrect or was based upon inaccurate information, then you must find that the defendant did not act willfully with respect to setting the allowance for doubtful accounts.

Whether the defendant sought advice from an outside auditor whom he considered competent, whether he made a full and accurate report to the outside auditor of all the material facts available to him, and whether he acted strictly in accordance with the advice of the outside auditor without having any reasonable basis to believe that the advice was incorrect or based upon inaccurate information are all questions of fact for you to determine.

Turning now to the requirement of knowledge, the government may prove that the defendant acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was, for example, making or causing a misrepresentation or material omission to be made. Alternatively, in determining whether the defendant acted

knowingly, you can consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. For example, if you find that the defendant was aware of a high probability that a statement was false, and that he deliberately sought to avoid knowledge of the statement's falsity, you may infer that the defendant knew the statement was false. On the other hand, if you find that the defendant actually, although mistakenly, believed that the statement was true and that his conduct in making the representation was lawful, even if you consider that belief to be an unreasonable or irrational one, then the requirement of knowledge would not be satisfied.

You may find that the defendant knew that a representation was false if you conclude beyond a reasonable doubt that he made the representation with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true. This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of the defendant.

In sum, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knowingly, intentionally, and

willfully associated himself with the alleged fraudulent scheme with intent to deceive and to cause some harm to the property rights of another. The extent of the defendant's role in the scheme does not matter. It is sufficient if the defendant participated in the fraudulent scheme knowingly, willfully, and with specific intent to defraud. If this is proved beyond a reasonable doubt, then the second element is satisfied. If it is not, then the second element is not satisfied.

**The Third Element of Securities Fraud: "In Connection With" a Security**

The third element that the government must prove beyond a reasonable doubt as to Count Two is that the scheme to defraud was executed "in connection with" the securities of a company that had filed a registration statement with the United States Securities and Exchange Commission ("SEC"). The SEC is a federal agency that regulates publicly-traded companies and the securities markets. A registration statement is a form that certain public companies file to satisfy certain regulatory requirements that are enforced by the SEC. The parties have stipulated, that is agreed, that Friedman's Class A common stock was registered as a security under Section 12 of the Securities Exchange Act of 1934, as charged in the Indictment. You must accept this stipulation as true.

With respect to the "in connection with" aspect of this element, you must find that there was some nexus or relation between the allegedly fraudulent conduct and securities transactions. You need not find that the defendant actually participated in any securities transactions. The connection need only be slight. Fraudulent conduct may be "in connection with" a security if you find that the alleged conduct "touched upon" a securities transaction. Conduct touching upon a security may include a misrepresentation in an analyst call relating to the security, in an SEC filing as to the security, in a press release as to the security, in a prospectus, or in any other document that was sent or made available to shareholders.

Aiding and Abetting

The government can prove the defendant guilty either by proving he did the acts charged himself or by proving that he aided and abetted another person. The government is relying on two theories of aiding and abetting under Section 2 of Title 18 of the United States Code. You may find that the defendant was an aider and abettor under either theory, that is you may find that the defendant was an aider and abettor under either Section 2(a) or Section 2(b) of Title 18 of the United States Code.

Section 2(a)

Section 2(a) provides that: "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal."

Accordingly, even if the defendant did not personally do every act constituting an offense, you may find that he committed that offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he personally committed it. The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way.

To find that the defendant is an aider or abettor, you must find beyond a reasonable doubt that the government has proven that another person actually committed the crime with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the criminal venture, that he participate in it out of desire to make the crime succeed. That is, a defendant must have the specific intent of furthering the criminal offense through

some action on his part. I previously instructed you on the definitions of willfully and knowingly and you should apply those instructions here.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some stake, some interest, in the outcome of the criminal venture. That stake or interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who directly performs the illegal acts, even though the latter played a much greater or major part in the perpetration of the crime.

To determine whether the defendant aided and abetted the commission of the crime charged, ask yourselves these questions:

First: Did he participate in the crime charged as something he wished to bring about?

Second: Did he associate himself with the criminal venture knowingly and willfully?

Third: Did he seek by his action to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and therefore responsible for the act and guilty of the offense charged just as if he had committed the act or offense himself. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor under Section 2(a).

Section 2(b)

Section 2(b) provides that "[w]hoever willfully causes an act to be done which if performed by him or another would be an offense against the United States, is punishable as a principal."

Applying this theory of aiding and abetting, you may find that the defendant is an aider and abettor if you find that the government has proven beyond a reasonable doubt that he knowingly and intentionally caused another person to engage in securities fraud, as I have defined that for you, and that, in doing so, the defendant acted willfully, with the purpose and specific intent of causing that other person to engage in securities fraud.

Dates

As a general rule, if the indictment charges that a specific act occurred on a certain date or time, and the evidence indicates that it actually may have occurred on

another date or time, the law requires only substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

However, as an exception to this general rule, I instruct you that, to convict the defendant on Count Two, you must find that at least one act in furtherance of the scheme to defraud occurred **after July 30, 2002**, which is the effective date of the statute under which the defendant is charged. In other words, while you may consider all of the evidence, including the evidence relating to conduct that occurred prior to July 30, 2002, in determining whether a crime was committed, you must conclude that the scheme to defraud continued past July 30, 2002 in order to convict the defendant of Count Two.


Securities Fraud Venue

If you decide that the government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count Two, there is one additional issue that you must consider. You must consider whether the Eastern District of New York is a proper venue for the prosecution of this count. Venue simply means "place." The government contends that venue is proper here; the defense contends that it is not.

I instruct you that the Eastern District of New York encompasses all of Kings, Queens, Nassau, Suffolk, and Richmond counties–that is, all of Long Island, as well as the boroughs of Brooklyn, Queens, and Staten Island.

The government has the burden of proving that the Eastern District of New York is a proper venue for this prosecution. However, the government does not have to prove beyond a reasonable doubt that venue is proper in this district. With respect to the issue of venue–and that issue alone–the government is held to a lower standard of proof.

To find that venue is proper in this district, you must decide that the government has proven venue by a "preponderance of the evidence." To prove something by a preponderance of evidence simply means to prove that it is more likely so than not so. Therefore, if you find that it is more likely so than not that any act in furtherance of the scheme to defraud occurred at least in part in the Eastern District of New York, the government has satisfied its burden of proof as to venue.

In this regard, the government need not prove that the defendant or any other participant in the scheme was physically present here. It is sufficient to satisfy the venue requirement if any act in furtherance of the fraudulent scheme occurred within the Eastern District of New York. Such an act would include, for example, a telephone

call in furtherance of the scheme either to or from a location in this district or the mailing or receipt of a prospectus in this district.

Please let me caution you again that the preponderance of the evidence standard applies only to the question of venue. With respect to the elements of Count Two and the elements of every other charge in the Indictment, the government always has the burden of proving its case beyond a reasonable doubt.

COUNT THREE
**Mail Fraud**

Now I will instruct you on the substantive crime of mail fraud, which is charged in Count Three. With respect to mail fraud, Count Three of the Indictment reads as follows:

> In or about September 2003, within the Eastern District of New York and elsewhere, the defendant BRADLEY STINN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, did cause to be placed in a post office and authorized depository for mail, matters and things to be sent and delivered by the United States Postal Service and commercial foreign and interstate carriers, to wit: a Prospectus Supplement relating to Friedman's offering of 3,100,000 shares of its Class A common stock.

Count Three charges the defendant with a violation of Title 18, United States Code, Section 1341, the federal mail fraud statute. The statute provides, in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier . . . or knowingly causes to be delivered by mail or such carrier according to the direction thereon . . . any such matter or thing, shall be [guilty of a crime].

## Mail Fraud: Elements of the Offense

In order to meet its burden of proof on Count Three, the government must establish beyond a reasonable doubt the following three elements of the crime of mail fraud:

First, that there was a scheme or artifice to defraud any person for the purpose of obtaining money or property by false and fraudulent pretenses, representations or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution or in furtherance of the scheme, the defendant used or caused the use of the mails.

The first two elements of mail fraud are the same as the first two elements of the securities fraud charge I have just instructed you on. In determining whether or not the government has established the first two elements of mail fraud beyond a reasonable doubt, you should apply the instructions that I gave you earlier with regard to the first two elements of securities fraud.

That is to say, if you find that the government has established beyond a reasonable doubt not only the existence of a scheme to defraud for the purpose of obtaining money or property, but also that the defendant knowingly and willfully participated in the scheme or artifice to defraud with specific intent to defraud, you should continue to consider the third element of mail fraud.

## Third Element of Mail Fraud: Use of the Mails

The third element that the government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails means sending material through the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. Thus, you may find this element proved if you find that the defendant caused the mailing by others. This does not mean that the defendant must have specifically authorized or directed others to do a specific mailing. If someone acts with knowledge that the use of the mails will follow in the ordinary course of business or if someone can reasonably foresee that the mails will be used, even though not actually intended, then that person causes the mails to be used within the meaning of the law.

There is no requirement that the government prove the use of the mails by direct evidence, such as by having a witness testify that he or she specifically remembers sending a particular document through the mail or by producing the envelope in which a document was sent. You may infer that a particular document was sent through the mail based on circumstantial evidence, such as the customary practices of a business concerning the transmittal of documents. However, whether the evidence is direct or

circumstantial, the evidence must be sufficient to convince you beyond a reasonable doubt that the mails were used.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the indictment, namely, the September 2003 mailing of a Prospectus Supplement relating to Friedman's offering of 3,100,000 of its Class A common stock. However, the government does not have to prove that the mailing was made on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment.

Aiding and Abetting Mail Fraud

As to Count Three, the government also charges the defendant as an aider and abettor. I instructed you on aiding and abetting earlier when I instructed you about the crime of securities fraud, charged in Count Two. Follow these same instructions in deciding whether or not the defendant acted as an aider or abettor to the crime of mail fraud, except that, with regard to Aiding and Abetting under Section 2(b), you should determine whether the defendant caused another person to engage in mail fraud, as I have defined that for you, and whether, in doing so, the defendant acted

willfully, with the purpose and specific intent of causing that other person to engage in mail fraud.

## Mail Fraud Venue

If you decide that the government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count Three, there is one additional issue that you must consider. As with securities fraud, you must consider whether the Eastern District of New York is a proper venue for the prosecution of this count. Venue simply means "place." The government contends that venue is proper here; the defense contends that it is not.

Please follow my earlier instructions as to what the Eastern District of New York encompasses, the government's burden of proof, and the meaning of "preponderance of the evidence."

The government can establish venue over the mail fraud count if it proves by a preponderance of the evidence that the specific mailing charged in the indictment -- if you have found the defendant either mailed it or caused it to be mailed -- occurred in the Eastern District of New York.

Alternatively, the government may establish venue by proving that the defendant knowingly caused the specific mailing charged in the indictment to be

delivered to a specific location or locations within the Eastern District of New York. It does not matter whether the delivery was to an individual prospective shareholder or to a brokerage house.

Therefore, if you find that it is more likely than not that the defendant either placed, or caused to be placed, in the mails in the Eastern District of New York the 2003 Prospectus Supplement or knowingly caused the 2003 Prospectus Supplement to be delivered by mail to specific addresses in the Eastern District of New York, the government has satisfied its burden of proof as to venue.

Again, I caution you that the preponderance of the evidence standard applies only to the question of venue. With respect to the elements of Count Three and the elements of every other charge in the Indictment, the government always has the burden of proving its case beyond a reasonable doubt.

<u>COUNT ONE</u>
**Conspiracy to Commit Securities Fraud, Mail Fraud, and Wire Fraud**

Now I will turn to Count One of the Indictment, which charges the defendant BRADLEY STINN with conspiring to commit securities fraud, mail fraud, and wire fraud. Specifically, Count One states:

> In or about and between January 2001 and December 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRADLEY STINN, together with others, did knowingly and intentionally conspire to: (a) execute a scheme or artifice (i) to defraud persons in connection with securities of an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, to wit: the Class A common stock of Friedman's Inc., and (ii) to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, to wit: the Class A common stock of Friedman's Inc., in violation of Title 18, United States Code, Section 1348; and (b) devise a scheme and artifice to defraud shareholders and the investing public, and to obtain money and property from shareholders and the investing public, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, (i) to cause mail matter to be delivered by the United States Postal Service and commercial foreign and interstate carriers according to the directions thereon, in violation of Title 18, United States Code, Section 1341, and (ii) to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

The relevant statute on this subject is 18 U.S.C. § 1349, which makes it a crime to conspire to commit securities fraud, mail fraud, or wire fraud.

## Conspiracy: General Instructions

A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that a conspirator is charged with agreeing to commit. That is because the existence of a conspiracy, or partnership for criminal purposes, is in and of itself a crime.

The essence of the charge of conspiracy is an agreement or understanding among two or more persons that they will act together to violate the law. Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is treated as a crime.

Consequently, for the defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals, or even that they could have succeeded.

In order to prove the crime of conspiracy, the government must establish the following elements of the crime beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in the indictment;

Second, that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the indictment; and

Third, that the defendant knowingly, intentionally, and wilfully became a member of the conspiracy.

Let me discuss these in more detail with you.

## First Conspiracy Element: Agreement

First, the government must prove beyond a reasonable doubt that two or more persons entered into the particular unlawful agreement charged. In other words, one cannot commit the crime of conspiracy by oneself.

Now, the government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished. It is sufficient to show that the conspirators implicitly came to a mutual understanding to accomplish one or more of the unlawful objectives charged in the Indictment by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available. Therefore, you are permitted to infer the existence of a conspiracy from the circumstances and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. You may, in determining whether an agreement existed here, consider the actions and statements

of all of those you find to be conspirators as proof that a common design existed to act together for the accomplishment of the unlawful purposes stated in the indictment.

## Second Element: Unlawful Acts

The second element that the government must prove beyond a reasonable doubt is that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the indictment.

The first crime alleged to be an object of the conspiracy in Count One is securities fraud. I instructed you on the elements of securities fraud earlier when I instructed you about Count Two.

The second crime alleged to be an object of the conspiracy in Count One is mail fraud. I instructed you on the elements of mail fraud earlier when I instructed you about Count Three.

The third crime alleged to be an object of the conspiracy in Count One is wire fraud. The wire fraud statute, 18 U.S.C. § 1343, provides that whoever having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent representations, transmits or causes to be transmitted by wire, radio, or television communication in interstate commerce

any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice to defraud shall be guilty of a crime.

Wire fraud has three elements. The first two are identical to the first two elements of mail fraud. The third element is that, in execution or in furtherance of the fraudulent scheme, the defendant used or caused the use of an interstate wire. This would include, for example, the use of a telephone or a fax transmission. To be interstate, the wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey.

The government need not prove that the alleged conspirators entered into an agreement to accomplish all three of the unlawful objectives alleged. If you find unanimously that two or more persons agreed to commit any <u>one</u> of these objectives, then this element would be proved. That is, it is not enough to convict if some of you find that the government has proven only an agreement to accomplish one unlawful objective while others of you find that the government has proven only an agreement to accomplish a different unlawful objective.

## Third Element of Conspiracy: Membership in the Conspiracy

The third element that the government must prove beyond a reasonable doubt is that the defendant knowingly, intentionally, and willfully became a member of the charged conspiracy.

I have previously instructed you as to the terms knowingly, intentionally and willfully. Follow those instructions here.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was a member of the conspiracy, you should consider whether he knowingly, intentionally, and willfully joined the conspiracy. Did the defendant participate in it with knowledge of its unlawful purpose and with the intention of furthering the objectives with which he is charged?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether he joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

I want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit that crime. This is true even if the person knows that a crime is being committed. Mere innocent association, as for social and business purposes, or physical contact with conspirators, does not make a person a co-conspirator. That the defendant may know members of a conspiracy, or be associated in business or socially with them, does not, without more, make the defendant a member of the conspiracy. Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law.

The extent of a defendant's participation in the conspiracy has no bearing on the issue of guilt. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme. A conspirator need not have been

fully informed as to all of the details or the scope of the conspiracy. He need not have been a member of the conspiracy for the entire time of its existence.

Dates

As I instructed you earlier, if the indictment charges that a specific act occurred on a certain date or time, and the evidence indicates that it actually may have occurred on another date or time, the law as a general rule requires only substantial similarity between the dates alleged in the indictment and the dates established by the evidence. However, I instruct you that, to convict the defendant on Count One, you must find that at least one act in furtherance of the conspiracy occurred **after July 30, 2002**, which is the effective date of the statute under which the defendant is charged. In other words, while you may consider all of the evidence, including the evidence relating to conduct that occurred prior to July 30, 2002, in determining whether a crime was committed, you must conclude that the conspiracy continued past July 30, 2002 in order to convict the defendant of Count One.

Conspiracy Venue

If you decide that the government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count One, you must go on to consider

venue. Please follow my earlier instructions as to what the Eastern District of New York encompasses, the government's burden of proof, and the meaning of "preponderance of the evidence."

To establish venue over Count One, the government must prove that it is more likely than not that any act in furtherance of the conspiracy occurred at least in part in the Eastern District of New York. In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that the defendant or any alleged coconspirator was even physically present here. It is sufficient to satisfy the venue requirement if any act in furtherance of the conspiracy occurred within the Eastern District of New York. Such an act would include, for example, a telephone call in furtherance of the conspiracy either to or from a location in this district or the mailing or receipt of a prospectus in this district.

Therefore, if you find that it is more likely than not that any act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue.

Again, please let me caution you that the preponderance of the evidence standard applies only to the question of venue. With respect to the elements of Count One and the elements of every other charge in the Indictment, the government always has the burden of proving its case beyond a reasonable doubt.

DELIBERATIONS

I will now give you some guidance for use in your deliberations.


WITNESS TESTIMONY

You are the sole judges of the credibility or believability of the witnesses and the weight their testimony deserves. You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility very largely must depend upon the impression that a witness makes upon you as to whether or not he or she is telling the truth or giving you an accurate version of what occurred.

If you believe that a witness has given false testimony with respect to an important fact, you may disregard the entire testimony of the witness. You may however accept part of the testimony. Bear in mind, a witness may have been mistaken or may have lied as to part of the testimony, and yet be accurate and truthful as to other parts. The decision as to what to accept and what to reject is yours.

Consider each witness's motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship each witness bears to either side of the case, the nature of that

relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The question really is, how did the witness impress you?  Did the witness's version appear straightforward and candid or did the witness try to hide some of the facts?  Is there a motive of any kind to testify falsely or truthfully or to shade the testimony offered?  In other words, what you try to do, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward, or otherwise reliable.

That a witness may be employed as a law enforcement official or agent of the government does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  You should evaluate such testimony in the same manner as you would the testimony of any other witness.

## PRIOR INCONSISTENT STATEMENTS

You have heard evidence that witnesses made prior statements that counsel argues are inconsistent with the witnesses' trial testimony.  You may consider the

prior statement not as affirmative evidence of an issue in dispute, but only for the more limited purpose of helping you decide whether to believe the witness's trial testimony.

In making this determination, you may consider whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether any prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

WITNESSES' GUILTY PLEAS

You have heard that Victor Suglia and John Mauro have pled guilty to crimes punishable by more than one year in jail. You may consider these guilty pleas in evaluating these witnesses' credibility. You may consider the fact that the witness has pled guilty to a felony in deciding how much of his testimony to accept and what weight, if any, it should be given.

## EXPERT WITNESS

In this case, you heard the testimony of Eric J. Pan, who was identified as an expert in securities regulation and corporate governance. An expert simply refers to an individual who is offered as having certain skill, knowledge or proficiency in a certain area. As an expert, he was asked to state his opinions on matters he is presumably knowledgeable about so as to assist you, the jury, in your determination of the facts in the case.

Just because a witness testifies as an expert does not mean that you are obligated to accept the expert's opinion or views. Quite the contrary. You are entitled to accept or reject the opinion testimony of an expert depending upon how you assess that witness, the witness's opinions, the reasons the witness may have given for them, and the facts upon which they are based. You may also consider the expert's qualifications and reasons for testifying. Just as with any other witness, the expert witness is to be evaluated and judged by you and you may accept the testimony in whole or in part or not at all, as you see fit.

## TESTIMONY OF COOPERATING WITNESSES

You have heard testimony from certain witnesses -- Victor Suglia and John Mauro -- admitting their own involvement in criminal conduct, including some of the

conduct charged in the indictment. These witnesses have themselves pleaded guilty to charges relating to this case. You are to draw no inferences or conclusions of any kind about the guilt of the defendant from the fact that prosecution witnesses pleaded guilty to similar or related charges. Each witness's decision to plead guilty was personal to his own guilt and that decision may not be used as evidence against the defendant.

I have already given you general instructions about factors you should consider in evaluating the testimony of any witness. There has, however, been much said about these witnesses in the summations of counsel. Thus, I wish to give you further instructions relevant to your evaluation of their testimony.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to reveal criminal behavior by others. For that very reason, the law allows the use of this testimony. Indeed, this testimony may be enough, by itself, to support a conviction, if the jury finds that the believable testimony establishes guilt beyond a reasonable doubt.

Because of the very nature of this testimony, however, it must be scrutinized with great care and viewed with particular caution when you decide how much of that

testimony to believe. You should, for example, ask yourselves whether such a witness would benefit more by lying or by telling the truth.

In this case, you have heard that Mr. Suglia and Mr. Mauro entered into written plea agreements with the government that provided, in part, for them to give testimony in this case. The government agreed not to pursue other charges in exchange for each witness's agreement to plead guilty and testify at trial. The government also agreed to bring any substantial assistance provided by a witness to the attention of the court for consideration at sentencing.

The government is permitted to enter into such agreements. But a witness who testifies pursuant to such an agreement does have an interest in this case different from an ordinary witness. This is why you must carefully scrutinize whether the testimony of such a witness was made up in any way because the witness believed or hoped that he would receive favorable treatment, such as a lighter sentence, by testifying falsely. Or, ask yourselves, did the witness believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause the witness to tell the truth? Did this motivation color the witness's testimony?

A witness's understanding of his agreement and his expectations under that agreement may be more important to your assessment of his credibility than the actual terms of the agreement. Thus, I permitted examination of these witnesses regarding their expectations with respect to their sentence in light of their agreements with the government.

In this connection, you heard testimony about what has been referred to as a motion or letter from the government that would permit the court to sentence the witness below the Sentencing Guidelines. These Guidelines are advisory guidelines which the court must consider. If the prosecutor writes a letter to the court, stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime, the court is empowered to impose a lower sentence than that called for under the Guidelines. The court may also, on its own, even in the absence of a letter from the government, consider whether a witness's cooperation with the government warrants a lower sentence than would otherwise be imposed. Whether or not the government asks the court to reduce the witness's sentence based upon his cooperation, the final determination as to the sentence to be imposed and whether to consider the witness's cooperation rests with the Court.

I have now reached the final phase of these instructions.

JUROR'S RECOLLECTION GOVERNS

Your recollection of the evidence governs. Nobody else's. Not mine -- if I have made reference to the evidence -- and not counsel's recollection. It is your recollection that must govern during your deliberations. If necessary during those deliberations, you may request a reading from the trial transcript to refresh your recollection. Please, as best you can, try to be as specific as possible in your requests for read backs; in other words, if you are interested only in a particular part of a witness's testimony, please so indicate. It may take some time for us to locate the portion in the transcript, so please be patient.

You may also request that exhibits be sent to you in the jury room. If you do request exhibits do not write on them. We will provide you with all the paper you need.

As a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it. None of us goes anywhere. As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately.

If you have any questions about the applicable law and you want a further explanation from me, send me a note.

Let me make a suggestion regarding notes. Let one person write it, and someone else read it out loud, so that you will know that the note is legible and there will be no misunderstanding about what you want.

## NOTES TAKEN BY JURORS

I also want to remind you of my instructions when I permitted you to take notes during the trial.

As I told you, your notes are not to substitute for your recollection of the evidence and a juror's notes are to be used solely by that juror. Remember, you can request that the official transcript be read to you. Most importantly, that some of you took notes and some did not does not entitle the views of those who took notes to any greater weight than the views of those who did not.

## NO INVESTIGATION

In reaching a decision, you are to rely solely on the testimony of the witnesses and the physical evidence introduced into evidence at trial. You are not to do any investigation on your own. Do not do any "research" such as consulting dictionaries or the internet.

## DELIBERATIONS

You are entitled to your own opinions but you should exchange views with the other jurors and listen carefully to each other. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

## JURY CHARGE

In a few minutes, I will supply you with several copies of my instructions. Keep in mind that you should consider the instructions as a whole. Each part of these instructions is important in your deliberations. And do not let my giving you my instructions in writing discourage you from requesting further instructions or clarification.

## UNANIMOUS VERDICT

Any verdict you reach must be unanimous. That is, you must all agree as to whether your verdict on a specific count is guilty or not guilty.

## FOREPERSON

In order that your deliberations may proceed in an orderly fashion, you should have a foreperson.  Traditionally, Juror Number One acts as foreperson.  Of course, her vote is entitled to no greater weight than that of any other juror.

## VERDICT SHEET

When you retire to the jury room, you will be given a verdict sheet which will be self-explanatory.  When you are ready to report your verdict, the foreperson should check it carefully so that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned.  The foreperson will be asked to read the verdict sheet in response to questions from the Court.

## COMMUNICATION WITH COURT

If you wish during your deliberations to communicate with the Court, for any reason, send me a note through the Marshal.  No member of the jury should ever attempt to communicate with me by any means other than a writing; and I will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or, more likely than not, orally here in open court.

## NO DISCUSSION

You will not discuss this case with anyone outside the jury room. And that includes the other jurors. You will only discuss the case when all 12 deliberating jurors are together, in the jury room, with no one else present, behind the closed door. At no other time is there to be any discussion about the merits of the case. Period.

## NOT TO REVEAL STATUS

Bear in mind also that you are not to reveal to any person -- not even me -- how the jury stands numerically on the question of whether the defendant is guilty or not guilty, until after you have reached a unanimous verdict. At that time, you should simply send me a note saying, "We have reached our verdict." You will be summoned to the courtroom and I will take the verdict.

## OATH

Your oath sums up your duty -- and that is, without fear or favor to any person, you will well and truly try the issues before these parties according to the evidence given to you in court, and the laws of the United States.

**END OF JURY CHARGE**